OMAHA NATIONAL BANK, PLAINTIFF IN ERROR, V. THE CITY OF OMAHA, DEFENDANT IN ERROR.

**Bonds:** INTEREST. The proper authorities of the city of Omaha were duly authorized to issue $100,000 bonds due in 20 years, with interest at *six* per cent, payable semi-annually. The bonds to be sold at not less than par. They issued bonds conforming in all respects to the authority, except the interest, which was *five* per cent. The bonds were sold above par. *Held*, The rate of interest being within the authority conferred, the bonds were valid.

ERROR to the district court for Douglas county.    Heard below before WAKELEY, J.

*Thurston & Hall*, for plaintiff in error.

*W. J. Connell*, for defendant in error.

MAXWELL, J.

The proper city authorities of Omaha submitted to the electors of said city a proposition for the issue of $100,000 bonds for the paving of the streets of said city, the bonds to run twenty years, to be sold at not less than par, and to draw interest at six per cent, payable semi-annually at Kountze Brothers' bank in the city of New York. The proposition was adopted, and the mayor and council hav-

ing ascertained that bonds at a less rate of interest than six per cent could be sold at their face value, issued said bonds with interest at five per cent, but conforming in all other respects to the proposition as adopted by the electors. These bonds were sold to the plaintiff for the sum of $102,-041.67. Afterwards, a question having arisen as to the validity of the bonds by reason of the less rate of interest in the bond than in the proposition, the plaintiff sought to rescind the contract and recover the money paid, and brought an action in the district court of Douglas county for that purpose. A demurrer was sustained to the petition, and the plaintiff brings the cause into this court.

No question is raised as to the authority conferred upon the mayor and council when properly authorized by the electors of the city to issue bonds for the purpose indicated, and the only question for determination is, did the insertion of a *less* rate of interest in the bonds than was provided in the proposition affect their validity, the bonds at their reduced rate bringing more than their face value? The attorneys in the case have been unable to find any case bearing directly upon the question, and in our researches we have found none.

The general rule is, that all contracts made by municipal officers in excess of their powers are void, and this rule applies to municipal bonds. In the case under consideration, however, the power to issue bonds of the kind actually issued and sold was expressly conferred, except as to the interest; under that power bonds for a *greater* rate of interest than six per cent could not legally be issued, because the increased rate of interest would be in excess of the authority conferred. The officers issuing the bonds are public agents of the city and must act within the scope of their authority. This authority is in the nature of a power of attorney to issue bonds of a certain description in the name of the municipality to raise a definite sum for the use of the city for a specified purpose. The object was to raise

$100,000. If this can be done for less interest than the agents were authorized to pay, the city is benefited to that extent and the diminished rate of interest is not *ultra vires*.

It is a fundamental principle of the law of agency that it is the duty of the agent to protect and advance the interests of his principal. This the proper authorities of the city of Omaha have done in this case, and their acts in issuing the bonds in question being within the scope of their authority the bonds are valid. The judgment therefore must be affirmed.

JUDGMENT AFFIRMED.

ALL of the judges concur.